### JAMES H. GALLOWAY *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—166.]

### Continuance of Criminal Trial on Account of Absence of a Witness.

It is the duty of the court trying a criminal case to grant a continuance on account of the absence of a witness material for the defense, but an application for such a continuance should be denied when it does not appear that due diligence has been used to procure his attendance and that there is reasonable grounds to believe that such attendance can be had at the next term. Due diligence is not shown when a witness is recognized to appear and does not do so and no effort is made to attach him.

### Instruction in Homicide Case.

It is not reversible error for the trial court in a homicide case to charge the law of murder incorrectly where the defendant is found guilty only of manslaughter. The defendant could not be prejudiced by such an instruction.

### Instruction as to Conspiracy to Murder.

An instruction in a homicide case is erroneous which says, "Unless the jury believe beyond a reasonable doubt that the accused and Frank Galloway conspired, combined or agreed together to kill the deceased and did in pursuance thereof. If so, the burden is upon the commonwealth to show which did fire the shot that killed him, and then, if they have a reasonable doubt as to which one did fire the fatal shot, they should find the defendant not guilty."

### APPEAL FROM MERCER CIRCUIT COURT.

May 2, 1885.

OPINION BY JUDGE LEWIS:

In the opinion rendered in the former appeal in this case, 11 Ky. Opin. 951, the circumstances under which the homicide occurred as shown by the evidence on each side were fully set forth and as additional facts have been developed in the last trial, it is not necessary to again recite the evidence.

The first ground relied on for reversal we will notice is the re-

fusal of the court to grant a continuance on account of the absence of the witness McConer. Upon the return of this case it was called for trial at the April term, 1883, and continued, upon whose motion does not appear. When called at the November term, 1883, it was continued on the motion of appellant, one of the grounds being the absence of the witness McConer. At the April term, 1884, appellant again moved for a continuance upon the ground of the absence of the same witness, which was granted. At the November term, 1884, a third affidavit was filed in which the absence of the witness McConer was stated, and a continuance asked on that account. But the court refused to continue the case, and set it for trial at a subsequent day of the term. When the fourth affidavit was filed setting forth the same grounds at the April term, 1883, McConer was recognized to appear at the succeeding November term, and upon his failure to appear at the latter appellant was entitled to an attachment. Yet, though as he was again absent at the April term, 1884, no attachment appears to have been issued until June 4, 1884, whereby to coerce his attendance.

At the same time that it is made the duty of the court trying a criminal case to grant a continuance on account of the absence of a witness material for the defense, it must appear that the due diligence to procure his attendance has been used and that there is at least reasonable grounds to believe that his attendance can be had at the next term.

In our opinion, appellant, in delaying to resort to the coercive process to procure the attendance of the witness until June, 1884, has failed to show such diligence as was required. And besides it does not appear that the witness was, when the trial occurred, even in the state of Kentucky, the only information before the court as to where he was, being that he had left this state and gone to the state of Missouri.

Though the witness is the brother-in-law of appellant, he does not disclose in his affidavit where he is.

In the absence of such diligence on the part of appellant to procure the attendance of the witness, and of reasonable grounds to believe his attendance could and would be procured at the next term, the court properly overruled the motion for further continuance of the case.

2. We are unable to determine that the substantial rights of ap-

pellant were prejudiced by the conduct of the commonwealth's attorney in reading to the jury the plea of former acquittal.

3. As the witness David Southern was the first one introduced by the commonwealth, and not called to testify afterwards, we do not perceive how his presence in the court room could have prejudiced the rights of appellant or prevented a fair trial. If he was familiar with the case and could be of assistance to the attorney for the commonwealth, it was not improper for the court when requested by that officer to permit him to remain in the court room after he had testified.

The form in which the question was put to the witnesses called to testify as to the general reputation of J. H. & E. J. Galloway was proper, and not open to the objection made to it by counsel for defense.

They were asked if they "are acquainted with the general reputation," etc., which necessarily refers to and means the time when the question was propounded.

Whether the instruction given upon the hypothesis of murder was, or was not correct, it is unnecessary to inquire, inasmuch as appellant was found guilty of only manslaughter, and could not have been prejudiced thereby.

The second instruction is not liable to the objection made by counsel. Sudden heat and passion and aiding and abetting or inciting are not inconsistent as is contended. Aiding and abetting does not necessarily imply premeditation, or previous preparation, nor do the words convey the idea of a conspiracy. A father and son, two brothers, husband and wife and two friends may, in sudden heat and passion and under the same provocation, assault the same person at the same time, or one of them may take his life, the other aiding and abetting.

Instruction No. 2, refused on the last trial, appears to be substantially the same as No. 6 given in the first trial. But it was not approved in the former opinion of this court, nor even considered, because it was not objected to by either party to that appeal. But the refusal of the court to give it on the motion of the appellant now being made a ground of reversal, it will be considered. It is as follows: "Unless the jury believe beyond a reasonable doubt that the accused and Frank Galloway, conspired, combined, or agreed together to kill the deceased and did, in pursuance thereof, do so,

the burden is upon the commonwealth to show which did fire the shot that killed him, and then if they have a reasonable doubt as to which one did fire the fatal shot, they should find the defendant not guilty."

The instruction is based upon the proposition of law, that unless there be a conspiracy, or the homicide is committed with malice aforethought, there can be no aider nor abettor.

It follows necessarily, if such be the law, that although a homicide may be committed, by one of two persons present, aiding and abetting each other, yet if the crime be committed under circumstances that reduces the offense from murder to manslaughter, neither can be convicted unless it be proved beyond a reasonable doubt who fired the particular shot, or gave the particular thrust that caused the death.

The absurdity of the proposition is illustrated by this case. The witness for the commonwealth made it clear that four or five pistol shots were fired at the deceased and that both appellant and his brother Frank shot at him on the same occasion, yet it is impossible to determine which one of them hit and which one of them missed him, or if both hit him, it is impossible to tell which one of them gave him the wound in the head that was fatal, and which gave him the wound in the shoulder that was not fatal. But as the killing was done in sudden heat and passion, if the instruction in question contains the law, neither of them can be convicted. The instruction was properly refused.

Perceiving no error to the prejudice of the substantial rights of appellant, we must affirm the judgment.

Judgment *affirmed.*

*Thomson & Roach, P. B. Thompson, J. C. Thompson, for appellant.*

*T. C. Bell, P. W. Hardin, for appellee.*

[Cited *Moody v. Commonwealth,* 19 Ky. L. 1199, 43 S. W. 209.]